FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 13, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ORIN KRISTICH,

    Defendant - Appellant.

No. 21-2126
(D.C. No. 1:18-CR-02635-WJ-1)
(D. N.M.)

_____

**ORDER**

_____

Before **TYMKOVICH**, Chief Judge, **EID** and **CARSON**, Circuit Judges.

_____

This matter is before the court on Orin Kristich's February 25, 2022, pro se filing, which we accept for filing and construe as both a petition for panel rehearing and a substantive response in opposition to the government's motion to enforce the appeal waiver in his plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

We recall the mandate issued on January 26, 2022, and, pursuant to Fed. R. App. P. 40, we grant Mr. Kristich's request for panel rehearing. The court's January 4, 2022, Order and Judgment is withdrawn and replaced by the attached revised Order and Judgment on rehearing, which shall be filed as of today's date.

Entered for the Court
Per Curiam

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**April 13, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ORIN KRISTICH,

    Defendant - Appellant.

No. 21-2126
(D.C. No. 1:18-CR-02635-WJ-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **EID** and **CARSON**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the appeal waiver in Orin Kristich's plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Exercising jurisdiction under 28 U.S.C. § 1291, we grant the motion and dismiss the appeal.

Kristich pleaded guilty to coercion and enticement, in violation of 18 U.S.C. § 2422(a). Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agreed to recommend a sentence of between five and twelve years' imprisonment followed by fifteen years' supervised release. The plea agreement provided a detailed explanation of the

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

possible penalties and the agreed-upon sentencing range, which Kristich

acknowledged was not binding on the district court.  As part of the plea agreement,

Kristich waived his right to appeal his conviction and any sentence within the

stipulated range.  Both by signing the written plea agreement and in his responses to

the court's questions at the change-of-plea hearing, Kristich acknowledged that he

was entering his plea knowingly and voluntarily and that he understood its

consequences, including the possible sentences and appeal waiver.

The district court accepted the plea, including the parties' sentencing

agreement.  It then sentenced Kristich to 120 months in prison followed by a

fifteen-year period of supervised release.  As one of the conditions of supervised

release, the district court ordered Kristich to "submit to clinical polygraph

examinations, if recommended in the Sex Offense-Specific Assessment."  Mot. to

Enforce, Attach. 3 at 38.  Despite receiving a sentence within the agreed-upon range,

Kristich filed a notice of appeal.

In his pro se response to the government's motion to enforce, Kristich argues

that the appeal waiver is unenforceable because the government breached the plea

agreement and because he received ineffective assistance of counsel.  Specifically, he

argues that under the facts he stipulated to as part of the plea agreement, he did not

admit that he knew the victim's age at the time of the offense, but the prosecutor

made arguments at sentencing that there was evidence suggesting that he aware that

she was a minor.  He claims the prosecutor's sentencing arguments breached the plea

agreement and resulted in the court adopting a less favorable guidelines range based

2

on sentencing factors not contemplated in the plea agreement.  And he claims plea counsel was ineffective for not handling this sentencing issue appropriately.  In addition to his arguments about his prison sentence, Kristich argues that the government should be prohibited from using certain information (such as his refusal to make incriminating statements during a polygraph) in deciding whether to revoke his probation while he is on supervised release.

"[A]n appellate waiver is not enforceable if the Government breaches its obligations under the plea agreement." *United States v. Rodriguez-Rivera*, 518 F.3d 1208, 1212 (10th Cir. 2008).  "General principles of contract law define the content and scope of the government's obligations under a plea agreement." *United States v. VanDam*, 493 F.3d 1194, 1199 (10th Cir. 2007), *overruled on other grounds by Puckett v. United States*, 556 U.S. 129 (2009).  "We thus look to the express language in the agreement to identify both the nature of the government's promise and the defendant's reasonable understanding of this promise at the time of the entry of the guilty plea." *Id.*  "We evaluate the record as a whole to ascertain whether the government complied with its promise." *Id.*

Kristich did not raise his breach-of-plea-agreement argument in district court. We thus review it for plain error.  *See Puckett*, 556 U.S. at 133-34; *United States v. Bullcoming*, 579 F.3d 1200, 1205 (10th Cir. 2009).  The plain-error test requires the defendant to demonstrate (1) error, (2) that is plain, (3) that affects his substantial rights, and, if those first three prongs are met, (4) that the error seriously affects the fairness, integrity or public reputation of the judicial proceedings.  *See United States*

*v. Olano*, 507 U.S. 725, 732-36 (1993). Kristich cannot meet the first requirement, so we need not address the other three.

Contrary to Kristich's contention, the prosecutor's arguments at the sentencing hearing did not breach the plea agreement. The agreement did not require the government to recommend a particular guidelines range or to limit its factual arguments to facts Kristich admitted. To the contrary, the agreement provides that "[r]egardless of any other provision in this agreement, the [government] reserves the right to provide . . . the Court [with] any information [it] believes may be helpful to the Court, including . . . information about . . . any relevant conduct under [the guidelines]." Mot. to Enforce, Attach. 1 at 3. Moreover, nothing in the plea agreement precluded the court from considering unadmitted facts in determining the applicable guidelines range.

Having rejected Kristich's contention that his appeal waiver is unenforceable based on the government's alleged breach of the plea agreement, we must rule on the government's motion to enforce. In doing so, we consider whether the appeal falls within the scope of the waiver, whether the waiver was knowing and voluntary, and whether enforcing it would result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325. Based on our review of the written plea agreement and transcript of the change-of-plea hearing, we conclude the *Hahn* factors have been met, and Kristich does not contend otherwise. In particular, we note that his ineffective-assistance-of-counsel argument falls within the scope of the appeal waiver, which provides that any ineffective-assistance claim may be raised in a 28 U.S.C. §§ 2241 or 2255 petition,

4

not on direct appeal.  To the extent Kristich challenges the supervised-release condition that he submit to a polygraph examination if the sex offender assessment recommends one, that too falls within the scope of the appeal waiver.  *See United States v. Sandoval*, 477 F.3d 1204, 1207 (10th Cir. 2007) (holding that "[s]upervised-release conditions are part of the sentence," and the reference in the plea agreement to 18 U.S.C. § 3742—the statutory basis for sentence appeals—"makes clear that the waiver encompasses all appellate challenges to the sentence other than those falling within [an] explicit exception").  And his argument about what information the government may consider if it someday seeks to revoke his probation does not affect the enforceability of the appeal waiver.

Accordingly, we grant the government's motion to enforce the appellate waiver in the plea agreement, and we dismiss this appeal.

> Entered for the Court
> Per Curiam